979 F.2d 218
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roberta M. AUCIELLA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3348.
 United States Court of Appeals, Federal Circuit.
 Sept. 30, 1992.
 
 Before PAULINE NEWMAN, PLAGER and LOURIE, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Roberta M. Auciella appeals from the March 5, 1992 decision of the Merit Systems Protection Board, Docket No. AT831M920189I1, dismissing her appeal for failure to refile it within the six month extension that was granted. We vacate and remand.
 
 BACKGROUND
 
 2
 On February 16, 1991 Ms. Auciella timely appealed to the Board from a reconsideration decision of the Office of Personnel Management (OPM), which denied her request for waiver of an overpayment.
 
 
 3
 On March 6, 1991, Ms. Auciella wrote to OPM, requesting a 90-day extension of time to pursue her appeal due to serious personal problems. This request was erroneously sent to OPM rather than the Board, and OPM transmitted the request to the Board's Atlanta Regional Office, stating that OPM would not object to dismissal without prejudice, if the appeal was refiled within six months.
 
 
 4
 In an initial decision dated April 5, 1991 the administrative judge dismissed the appeal without prejudice, subject to Ms. Auciella's refiling the appeal "no later than six months from the date of this decision." The Notice To Appellant section, immediately following the statement of the six month deadline, stated: "This initial decision will become final on May 10, 1991".
 
 
 5
 On November 4, 1991 Ms. Auciella wrote to OPM expressing confusion as to the computation of the six month deadline. The letter stated in part:
 
 
 6
 I am not sure what I am suppose to be doing at this point. Am I suppose to be appealing the initial decision of reconsideration for a waiver of overpayment or do I have 6 months from May 10, 1991 to petition for review by the Board?
 
 
 7
 On November 5, 1991 Ms. Auciella refiled the appeal with the Board.
 
 
 8
 On November 8, 1991 OPM wrote Ms. Auciella stating that OPM would resume recovery of the overpayment because she had not timely refiled the appeal with the Board. The November 8 letter instructed Ms. Auciella to send "all correspondence" to OPM.
 
 
 9
 On November 27, 1991 the administrative judge issued an order stating that Ms. Auciella's November 5, 1991 filing appeared to be one month late, based on the April 5, 1991 initial decision date. The administrative judge ordered Ms. Auciella to
 
 
 10
 file evidence and argument showing that your appeal was timely filed or that good cause existed for the delay.
 
 
 11
 Ms. Auciella was given 15 days to respond to the order. The Certificate of Service attached to the order contained the statement:
 
 
 12
 NOTE: Appellant and/or his/her representative are advised that for the purpose of meeting the service requirement stated in this order, any further communication should be served on the U.S. Office of Personnel Management at the following address:
 
 Retirement Policy Division
 U.S. Office of Personnel Management
 P.O. Box 16
 Washington, D.C. 20044
 
 13
 The Certificate of Service was dated November 27, 1991 and signed by "Barbara Walton-Mapp, Legal Technician".
 
 
 14
 On December 5, 1991 Ms. Auciella sent a letter addressed to Barbara Walton-Mapp at the above address of OPM. The letter stated that it was in response to the notice from the administrative judge, whom she named:
 
 
 15
 This letter is in response to the notice I received from Judge Pamala [sic] B. Jackson, dated November 27, 1991. My evidence and argument in reference to timeliness is in the notice dated April 5, 1991. On the second page of that notice, the paragraph titled "Notice to Appellant", it states "this initial decision will become final on May 10, 1991". To my way of thinking, this gave me 6 months from that date, not from the date of April 5, 1991.
 
 
 16
 On December 17, 1991 Administrative Judge Pamela Jackson dismissed Ms. Auciella's appeal as untimely, stating that Ms. Auciella "did not respond" to the November 27, 1991 order.
 
 
 17
 Ms. Auciella petitioned the Board for review of the decision, reiterating her confusion regarding the date of commencement of the six month period. The Board denied the petition. This appeal followed.
 
 DISCUSSION
 
 18
 Since Ms. Auciella sent her response to the November 27 show cause order in a timely manner to the OPM address stated on the administrative judge's order, it was unsupported by substantial evidence to conclude that she "did not respond" and to refuse to consider her reason for not meeting the Board's six-month deadline.
 
 
 19
 In the administrative judge's initial decision dated April 5, 1991, the last sentence reads as follows: "the appellant is required to refile her appeal no later than six months from the date of this decision." The next full paragraph on that page begins: "This initial decision will become final on MAY 10 1991," with the date displayed in block letters larger than the other text. This language would be confusing to a layperson, because it appears that the last date to refile an appeal is six months after May 10, 1991.
 
 
 20
 The administrative judge and the Board should have considered the issue of the ambiguous language. The government brief also does not address this issue. We therefore remand to the Board so that it may clarify its position as to whether Ms. Auciella's November 5, 1991 appeal was timely refiled in light of this language.
 
 Costs
 
 21
 Costs in favor of Petitioner.